UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILL MOSES PALMER,<br><br>Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION,<br><br>Respondent. | Case No. 17-cv-06264-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 1, 4, 6 |

Petitioner, currently incarcerated at the California State Prison - Los Angeles County, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2006 conviction in Monterey County Superior Court for resisting an executive officer in the performance of his duties.[1] The petition is not his first federal habeas petition concerning that conviction. His first federal habeas petition, *Palmer v. Hedgpeth*, No. 09-cv-2900 SI, was dismissed on May 25, 2011 because it was barred by the habeas statute of limitations. This court and the United States Court of Appeals for the Ninth Circuit denied a certificate of appealability.

A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

Petitioner has not obtained an order from the Ninth Circuit permitting the filing of a second or successive petition. This court will not entertain a new petition from petitioner until he first obtains permission from the Ninth Circuit to file such a petition. This action is DISMISSED

---

[1] At the time of the events that led to the 2006 conviction, Palmer already was in prison serving a 55-years-to-life sentence imposed in 1996 for multiple murders. *See* Docket No. 1 at 11, 16. He does not challenge his 1996 conviction in this action.

without prejudice to petitioner filing a petition in this court after he obtains the necessary order from the Ninth Circuit.

The court notes that part of the petition appears to be something other than a challenge to the 2006 conviction and sentence, as petitioner asks that state officials be ordered to resentence him pursuant to Proposition 57. *See* Docket No. 1 at 9 (requesting the court to "issue an Order directing the Prison officials and/or state Courts to reduce the Petitioner's 25 to life sentence for the non-violent felony offense to the (1) year maximum term section 69 carries"). The state court cases addressing application of Proposition 57 are all unpublished decisions and have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." *Daniels v. California Dep't of Corr. and Rehab.,* 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). *See People v. Patton*, 2018 WL 316967 (Cal. Ct. App. Jan. 8, 2018) (unpublished) (after trial court denied petition for resentencing on the ground that there was no resentencing option under Proposition because it only provides a parole opportunity for certain inmates, *Wende* brief was filed in court of appeal, whereupon the court of appeal rejected the appeal because a review of the record disclosed no arguable issues on appeal); *People v. Smith*, 2017 WL 6350319, *1-2 (Cal. Ct. App. Dec. 13, 2017) (unpublished) (same); *People v. Villagran*, 2017 WL 5664201, *1 (Cal. Ct. App. Nov. 27, 2017) (unpublished) (same); *People v. Harris*, 2017 WL 4230834, *2 (Cal. Ct. App. Sept. 25, 2017) (unpublished) ("even if appellant were eligible for relief under Proposition 57, he would be entitled only to parole consideration, not the resentencing or sentence modification he sought in his motion. Any determination as to appellant's right to parole must be made, in the first instance, by the appropriate agency."). Any claim about Petitioner's entitlement to some sort of parole consideration under Proposition 57 must be made to prison officials in the first instance. Any federal court action on such a claim should be brought in the district of confinement; for this petitioner incarcerated in Los Angeles County, the proper venue would be the United States District Court for the Central District of California.

If petitioner wants to attempt to obtain the necessary order from the Ninth Circuit to file a second or successive petition to challenge his 2006 conviction and sentence, he should file an "Application For Leave To File Second Or Successive Petition" in the Ninth Circuit (at 95

1 | Seventh Street, San Francisco, CA 94103).  A copy of the form application is enclosed with this
2 | order for his convenience.

Petitioner's *in forma pauperis* application is GRANTED.  Docket Nos. 4, 6.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 31, 2018

_____
SUSAN ILLSTON
United States District Judge